468 A.2d 390

**Walter Henry BORGEN**

v.

**STATE of Maryland.**

**No. 79, Sept. Term, 1983.**

Court of Special Appeals of Maryland.

Dec. 9, 1983.

522

Jerome James LaCorte, Assigned Public Defender, with whom was Alan H. Murrell, Public Defender of Maryland on brief, for appellant.

Stephanie J. Lane, Asst. Atty. Gen., with whom were Stephen H. Sachs, Atty. Gen., of Maryland, Andrew L. Sonner, State's Atty., for Montgomery County and Roger Galvin, Asst. State's Atty., for Montgomery County on brief, for appellee.

Argued before LISS, WILNER, and BLOOM, JJ.

LISS, Judge.

On February 5, 1982, the appellant, Walter Henry Borgen, was charged by indictment with theft, pursuant to Maryland Code (1957, 1982 Repl.Vol.) Article 27, § 342. Appellant pleaded not guilty and elected to be tried before a jury. On December 22, 1982, appellant was found guilty of theft of more than $300, and sentenced to five years' imprisonment. He then noted this appeal, raising the following issues to be determined by this Court:

1. Whether the trial court erred in denying appellant's motion for judgment of acquittal?

2. Whether the trial court erred in allowing the State to argue an inference of theft from appellant's possession of goods which were not shown to be stolen?

3. Whether the trial court erred in allowing Detective Deaton to testify to hearsay statements made by the deceased owner of the automobile?[1]

Officer Leland Baughman, of the Montgomery County Police Special Assignment Unit, testified on a motion to suppress evidence that he stopped a white Chrysler Cordoba in the area of Clopper Road in Montgomery County after he had received a report that the appellant was operating this vehicle with a revoked driver's license. While inspecting appellant's license and registration, Officer Baughman no-

---

1. Appellant abandoned his position on this issue at oral argument.

ticed that there was a screwdriver in the ignition, and that there was a discrepancy between the Vehicle Identification Number (VIN) shown on the registration and of that shown on the plate in the vehicle itself. The registration itself bore the name of Daniel Robert Borgen, whom appellant identified as his brother. Officer Baughman arrested appellant and impounded the vehicle, even though the registration check did not reveal that the vehicle had been reported stolen.

Detective Donald Deaton, also of the Montgomery County Police Department, testified that he made an inspection of the vehicle which revealed a "confidential" VIN number, located in an undisclosed location on the vehicle. This "confidential" VIN had not been tampered with, and while tracing the VIN, Deaton was able to ascertain that the vehicle was owned by a David Alfred Lewis, and was subject to a lien held by Maryland National Bank. It was further discovered that the vehicle had never been reported stolen.

At trial, Jack Sweeley, a "legal liason" for Maryland National Bank, testified that the owner of the car had been in arrears in his payments, and that the Bank had notified the owner that they intended to repossess the car. The Bank's agents were unable to locate the car, and the Bank recovered the car only after they were contacted by the police during the instant investigation.

At the beginning of trial, the State moved that Officer Deaton be permitted to testify concerning admittedly hearsay statements made to him by David Lewis, who had since died. The theory advanced by the State was that the statements made by Lewis were against his pecuniary and proprietary interests in that he was admitting that he had relinquished possession of the vehicle and that he was indebted to Maryland National Bank. The trial judge permitted the hearsay testimony, over objection, but limited it to evidence that Lewis relinquished possession of the vehicle.

## 1.

Appellant argues that the State failed to make a *prima facie* showing that a theft of the automobile had actually occurred, and that the trial judge should have granted his motion for judgment of acquittal. We agree.

The record discloses that the relevant evidence presented before the trial judge was as follows: (1) the testimony of Jack Sweeley, of Maryland National Bank, that the Bank had financed the vehicle for Mr. Lewis, that Lewis had defaulted on his payments and that the Bank had sent out notices of repossession; (2) the testimony of Officer Deaton that Lewis had told him that he received notices that the car was to be repossessed, that he parked the car at his daughter's apartment complex, that he called his daughter from Arizona and instructed her to remove the license tags from the car, and that when he discovered the car was gone he had presumed that it had been repossessed; and (3) the testimony of Henry Walter Borgen, the appellant's father, who stated that he was employed as a maintenance engineer at the apartment complex where Mr. Lewis' daughter resides, that he was assigned the task by the property manager to remove a number of abandoned vehicles from the premises, including the one allegedly owned by Mr. Lewis, and that his son (the appellant) assisted him in removing these vehicles (as an employee of the towing company contracted to remove and store the vehicles.). The elder Mr. Borgen also testified that he placed a notice conspicuously on every vehicle which was to be removed warning the owners of the impending action, and that the car was in fact towed to Big D Towing, where he elicited the help of the owner to undertake the legal procedures to have the car registered in appellant's name.

The motion for judgment of acquittal seeks a court-entered judgment of acquittal on the basis of insufficient evidence in order to avoid the submission of the case to the jury. *Vuitch v. State,* 10 Md.App. 389, 271 A.2d 371 (1970). The test for sufficiency of the evidence was summed up by

this Court in *Spease v. State,* 21 Md.App. 269, 304, 319 A.2d 560 (1974), *aff'd on other grounds,* 275 Md. 88, 338 A.2d 284 (1975), where we said:

> In a jury trial, the test as to whether the evidence was sufficient in law to permit the trial judge properly to deny the appellant's motion for a judgment of acquittal and to submit the case to the jury is whether the admissible evidence adduced at the trial either showed directly, or circumstantially, or supported a rational inference of, the facts to be proved, from which the jury could fairly be convinced, beyond a reasonable doubt, of the appellant's guilt of the offense charged. [Citations omitted].

*See also Metz v. State,* 9 Md.App. 15, 262 A.2d 331 (1970). The sufficiency of the evidence is also a federal constitutional prerequisite to the validity of a conviction. The Supreme Court has formulated the test for evidentiary sufficiency in terms of whether there was enough evidence for any rational fact finder to find guilt beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).

 We conclude that the evidence presented to the trial judge showed undisputed facts which raise only a question of law, and that those facts should have been found by the trial judge to have been established.[2] Our examination of the record in this case convinces us that the automobile which is the subject matter of the alleged theft was, in fact, abandoned by Mr. Lewis. The evidence as admitted at trial[3] established that Lewis was in substantial arrears in the

---

2. As the Court of Appeals explained in *Talley v. Department of Correction,* 230 Md. 22, 28–29, 185 A.2d 352 (1962):

 [W]here the facts are conceded, undisputed, or uncontroverted, and the inferences to be drawn therefrom are plain, definite and undisputed ..., their legal significance is a matter of law to be determined by the court, but where the facts, or inferences therefrom, or both, are in dispute, such questions are to be determined by a jury.... [Footnotes omitted].

3. The State, in effect, "dug its own grave" by moving to admit the hearsay testimony of Officer Deaton as to what Mr. Lewis had told

payments on his car loan, that he had been advised that the Bank was going to repossess the car,[4] that although he then lived in Virginia, he drove the automobile to the apartment complex where his daughter resides and left it on the parking lot, and that he then moved to Phoenix, Arizona, and called his daughter and directed her to remove the tags from the vehicle. We think it is significant in determining that whether, as a matter of law, he intended to abandon the vehicle, Lewis never notified the Bank where the car could be found, nor did he request his daughter to do so. He indicated to Officer Deaton that he had intended to abandon the vehicle and when he was advised the car was no longer on the lot, said that he assumed the Bank had repossessed it, and made no effort to verify this assumption. There was also the testimony of Henry Walter Borgen that he placed a notice on the car warning that this car will be towed away if the owner failed to remove it, and that the car was, in fact, later towed away. It is clear to us that when the vehicle was left by Lewis on the parking lot that he never intended to exercise any further acts of ownership or possession of the vehicle and that it was therefore abandoned.

"An abandoned chattel ... belongs to no one .... By intentionally casting it aside the former owner has parted with both possession and title. [Footnote omitted]. Any

---

him concerning the abandonment of the car. The appellant, in even a greater twist of irony, strenuously objected to the admission of this testimony.

4. We note that a conviction for theft cannot be based upon the evidence that Maryland National Bank had an outstanding security interest in the vehicle. Article 27, § 343(a)(2)(ii), entitled "Defenses and presumptions" states:

> (ii) in the absence of an agreement to the contrary, a person in lawful possession of property has a right of possession superior to that of a person having only a security interest in the property, even if legal title to the property lies with the holder of the security interest pursuant to a conditional sale contract or other security agreement.

In the instant case appellant rightfully claimed lawful possession on the ground of abandonment.

owner may lawfully acquire title by taking possession of it." *Perkins on Criminal Law* (2d Ed.1969) at page 248. In *Steinbraker v. Crouse,* 169 Md. 453, 182 A. 448 (1936), the Court of Appeals said:

> Property is abandoned when the owner walks off and leaves it with no intention to again claim it or exercise rights of ownership over it; and when this is done, it belongs to anyone who takes possession of it. . . . It is said in *Brantly on Personal Property,* sec. 133, that "he who takes possession, *animo dominandi,* of a thing which has been abandoned by the owner, immediately becomes the proprietor of it by occupancy. A thing is abandoned when the owner throws it away, or leaves it without custody because he no longer wishes to account it as his property; whence it follows that he ceases at once to be the owner. Both the intent to abandon and the fact of abandonment are necessary. Whether property has been abandoned depends upon the intention of the party, the length of time during which the owner has been out of possession being only important as showing this intention."

The evidence in this case as presented before the Court failed to raise an issue for the jury that the appellant was not in lawful possession of the vehicle. Under the circumstances, we conclude that the State failed to present a *prima facie* case of theft by the defendant and that his motion for judgment of acquittal should have been granted. *Jackson v. Virginia, supra.*

JUDGMENT REVERSED, COSTS TO BE PAID BY MONTGOMERY COUNTY.